**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BENNETT MCLOUGHLIN,**

                               **Plaintiff,**

    vs.                                               **5:17-cv-1070
                                                        (MAD/ATB)**

**ERIN POWERS,**

                               **Defendant.**
_____

APPEARANCES:                                  OF COUNSEL:

**AXINN, VELTROP & HARKRIDER**          **JULIA W. QI, ESQ.**
114 West 47th Street                          **QIAN (SUSAN) ZHU. ESQ.**
New York, New York 10036             **ALEXANDER W. BERGERSEN, ESQ.**
Attorneys for Plaintiff                       **ERIC P. GREENWALD, ESQ.**

**PAUL C. RAPP**                               **PAUL C. RAPP, ESQ.**
P.O. Box 366
Monterey, Massachussets 01245
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

    On September 25, 2017, Plaintiff Bennett McLoughlin commenced this action in the Northern District of New York against Defendant Erin Powers seeking monetary damages and injunctive relief under the Copyright Act and state law. *See* Dkt. No. 1-1. Presently before the Court is Defendant's motion to dismiss for failure to state a claim. *See* Dkt. No. 15-1. For the following reasons, the motion is denied.

## II. BACKGROUND

Beginning in 2006, Plaintiff and Defendant recorded and performed music together. *See* Dkt. No. 1 at ¶ 16. Plaintiff was the sole author of certain songs, and he co-authored other songs with Defendant. *See id.* In total, Plaintiff and Defendant composed approximately thirty songs together, which are divided into three different collections: "Pretty Green Eyes," "Hopes and Dreams," and "Seasons of Love." *See id.* at ¶ 19. On January 3, 2012, Plaintiff and Defendant registered those collections of songs with the United States Copyright Office. *See id.* at ¶ 23. The copyright shows that Plaintiff is the sole owner of the copyrights for some songs, and the majority co-owner of the copyrights for the other songs. *See id.* at ¶ 24; Dkt. No. 1-2.

In 2014, Plaintiff helped Defendant register their musical compositions with Broadcast Music Inc. ("BMI"), a "performing rights organization." *See* Dkt. No. 1 at ¶ 27. In July 2014, Defendant changed the login information for her BMI account so Plaintiff was no longer able to receive any information concerning the registrations, and Defendant changed the ownership percentages to increase her royalties. *See id.* at ¶ 32. When Plaintiff tried to submit compositions from their three collections to a separate "performing rights organization," his registrations were rejected because they conflicted with Defendant's BMI registrations. *See id.* at ¶ 34. Throughout October 2015, Plaintiff attempted to contact Defendant regarding the registrations. *See id.* at ¶ 35. Later that month, Plaintiff was contacted by a Deputy Albany Sheriff, who informed Plaintiff that Defendant filed a harassment complaint against him. *See id.* at ¶ 36.

Defendant has been profiting from Plaintiff's compositions without sharing the profits with Plaintiff. *See id.* at ¶ 39. Specifically, Defendant has used compositions authored or co-authored by Plaintiff to sell albums, distribute songs to streaming services, and engage in public performances. *See id.* at ¶¶ 40-48. On December 29, 2016, Plaintiff, through his legal counsel, notified Defendant of his belief that she had misappropriated his musical compositions. *See id.* at

¶ 50. Despite acknowledging receipt of that letter, Defendant continued to infringe Plaintiff's copyrights. *See id.* at ¶¶ 52, 54. On September 25, 2017, Plaintiff filed the complaint in this action, alleging several claims under the Copyright Act and state law. On November 17, 2017, Defendant filed a motion to dismiss, or, in the alternative, a motion for summary judgment. *See* Dkt. No. 15. Plaintiff opposed the motion, and Defendant submitted a reply. *See* Dkt. Nos. 21, 24.

### III. DISCUSSION

**A. Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

3

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.* at 570.

**B.     Materials Outside the Pleadings**

Pursuant to Federal Rule of Civil Procedure 12(d), a motion under rule 12(b)(6) must be treated as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d); *see also Bellavia Blatt & Crossett, P.C. v. Kel & Partners LLC*, 151 F. Supp. 3d 287, 291 (E.D.N.Y. 2015) ("When materials are submitted on a motion to dismiss that are outside of the pleadings, the Court has discretion to either exclude these materials or convert the motion to dismiss into a motion for summary judgment"). It is well established that district courts have "complete discretion" in determining whether to accept materials outside the pleadings and convert a motion under Rule 12(b)(6) into a motion for summary judgment. *See McIntyre v. Longwood Cent. Sch. Dist.*, No.

07-CV-1337, 2008 WL 850263, *6 (E.D.N.Y. Mar. 27, 2008). "[T]his discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Id.* (quoting *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005).

In this case, Defendant seeks to convert her 12(b)(6) motion into a motion for summary judgment, and she attaches a statement of material facts ("SMF") and supporting affidavit to the motion. *See* Dkt. No. 15-1 at 1; Dkt. No. 15-3. Based on Plaintiff's responses to Defendant's SMF, it is clear that there are a number of material facts in dispute. *See* Dkt. No. 21-2. Converting Defendant's motion into a motion for summary judgment would not facilitate the disposition of this action. Therefore, the Court declines to consider any matters outside of the pleadings, and Defendant's motion will be treated as a motion to dismiss under Rule 12(b)(6) rather than as a motion for summary judgment.

**C.     Copyright Claims**

"Section 106 of the Copyright Act confers a 'bundle of exclusive rights to the owner of the copyright,' those rights being the right 'to publish, copy, and distribute.'" *Arista Records LLC v. Does 1-16*, No. 08-CV-765, 2009 WL 414060, *2 (N.D.N.Y. Feb. 18, 2009) (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985)). "To establish a claim of copyright infringement, a plaintiff must show '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Adams v. Warner Bros. Pictures*, 289 Fed. Appx. 456, 457 (2d. Cir. 2008) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, Plaintiff has alleged ownership or co-ownership of a copyright for specific compositions, and that Defendant has copied constituent elements of those compositions.

5

First, as to the compositions for which Plaintiff alleges complete ownership, Defendant argues that she could not have infringed those copyrights. Depending on the composition in question, Defendant argues that she either co-owns the copyright, has not commercially released any infringing songs, or her songs are not substantially similar to the copyrighted work. *See* Dkt. No. 15-2 at 4-6. Essentially, Defendant is disputing facts that were properly alleged in the complaint. But at the motion-to-dismiss stage, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in Plaintiff's favor. The types of factual disputes raised by Defendant may be addressed after discovery through a properly filed motion for summary judgment. Therefore, Defendant's motion to dismiss Plaintiff's copyright infringement claim is denied.

Second, Defendant argues that the Plaintiff's remaining claims should be dismissed for lack of subject matter jurisdiction. In particular, Defendant argues that Counts I and III in the complaint—which are claims for declaration of copyright ownership and declaration of copyright co-ownership—do not arise under the copyright act and are instead state law claims. *See id.* at 6-7. Although some copyright ownership disputes arise under the Copyright Act, others do not. *See Cohen v. Versatile Studios, Inc.*, No. 13-CV-8280, 2014 WL 1584055, *3 (S.D.N.Y. Apr. 21, 2014). Whether a copyright ownership dispute arises under the Copyright Act "is predicated on whether the issue as to which the plaintiff is seeking a declaratory judgment—who owns the copyright—turns on the interpretation of the parties' contract or turns on a determination of initial authorship." *Id.* Because Plaintiff's claims are based on initial authorship and not a contract between the parties, the claims arise out of the Copyright Act and this Court has jurisdiction. *See Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996). Furthermore, even if the claims did arise under

6

state law, this Court retains jurisdiction over this action because Defendant's motion to dismiss Plaintiff's copyright infringement claim was denied.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 15) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 10, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge